UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

K.R., individually and on behalf of M.J., a child with a disability.

*Plaintiffs*,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

*Defendant*.

COMPLAINT

Case No.

K.R., individually and on behalf of M.J., a child with a disability, by and through her attorneys, CUDDY LAW FIRM, PLLC, for the complaint hereby alleges:

1. This is an action brought pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3).

2. Plaintiff K.R. and M.J. reside in the County of Kings, State of New York.

3. M.J. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401 (3)(A).

4. K.R. is the parent of M.J. as defined by IDEA 20 U.S.C. § 1401(23).

5. Defendant New York City Department of Education (Department) is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq*., and the regulations promulgated thereunder.

## JURISDICTION AND VENUE

6. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

7. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the defendant.

## FACTUAL BACKGROUND

8. On September 11, 2017, plaintiff K.R. initiated an impartial due process hearing on behalf of her child M.J., alleging a denial of a free appropriate public education (FAPE) and seeking various relief.

9. In the request for an impartial due process hearing, plaintiff requested pendency in the form of a 6:1:3 student:staff ratio special class in a nonpublic day school, individual counseling services twice weekly, group counseling once per week, monthly parent counseling and training, individual speech and language therapy ("SLT") once per week, group SLT once per week, and an individual service, full-time crisis management paraprofessional.

10. This case was assigned Impartial Hearing Office Case Number 169438.

11. On October 5, 2017, plaintiff filed a corrected hearing request with the Impartial Hearing Office to update M.J.'s current school information.

12. An impartial due process hearing was held for K.R. and M.J. on October 24, 2017, February 22, 2018, March 1, 2018, March 22, 2018 (telephonic), April 26, 2018, and July 11, 2018.

13. A pendency hearing was held on October 24, 2017.

14. On November 1, 2017, the IHO issued a pendency order, providing for M.J. to be re-enrolled at Quality Services for the Autism Community School ("QSAC").

15. On December 1, 2017, the plaintiff, through her attorney, requested a second Order on Pendency to reflect that QSAC was unable to enroll M.J.

16. The IHO issued an updated pendency order on December 14, 2017, ordering M.J.'s placement in a state-approved nonpublic day school.

17. After a pendency placement could not be identified for M.J., a second pendency hearing date was scheduled for February 22, 2018. On this date, the plaintiff, K.R., through her attorney, entered documentary exhibits into evidence (A-E, H-J, M, N). The Impartial Hearing Officer ("IHO") entered IHO Exhibit I into evidence. The plaintiff, K.R., presented testimony as to the contested pendency issues before the IHO. The Department's representative at hearing requested the opportunity to present a rebuttal witness.

18. On February 26, 2018, the plaintiff, through her attorney, submitted a memorandum of law regarding IHO authority in granting the relief requested by the parent, per the IHO's request.

19. A third day of pendency hearing was held on March 1, 2018. The Department's representative did not present a rebuttal witness, but the plaintiff presented an additional witness from a proposed pendency placement school.

20. On March 6, 2018, the IHO issued a final pendency order providing that the plaintiff's proposed school placement is substantially similar to the previously ordered pendency placement and that M.J. should be enrolled in the school if the Department changes M.J.'s disability classification. In the alternative, if the disability classification is not revised, the IHO ordered that the Department identify a nonpublic school for an extended school year placement for M.J. that includes a special class with a 6:1+3 student:staff ratio, individual and group counseling, individual and group speech language therapy, parent training and counseling, and an individual full-time crisis management paraprofessional.

21. The plaintiff, through her attorney, filed a second request for due process hearing on March 19, 2018; the plaintiff requested consolidation with case number 169438.

22. The second request for due process hearing was assigned Impartial Hearing Office Case Number 172870.

23. On March 23, 2018, the IHO issued an order of consolidation, consolidating both cases as Impartial Hearing Office Case Number 169438.

24. On April 26, 2018, the plaintiff entered two additional documents into evidence (P-Q).

25. During the July 11, 2018, hearing date, the plaintiff entered additional documents into evidence (O, R-T). The Department entered documents into evidence (1, 3-6, 9, 11-18). The plaintiff presented testimonial evidence of K.R. as to M.J.'s current functional abilities and emotional/behavioral issues. The plaintiff also

presented testimony from a clinical psychologist as to expert recommendations for M.J.'s academic program and as to his testing and assessments of M.J.

26. On July 31, 2018, the plaintiff submitted a written closing brief to the IHO and to the Department's representative at hearing.

27. Although the Department did not present witnesses, it did not concede that a free appropriate public education ("FAPE") had not been provided to M.J.

28. On October 5, 2018, the IHO issued a findings of fact and decision ("FOFD"). The FOFD provided that the Department failed to provide M.J. with a free appropriate public education during the 2017/18 and 2018/19 school years. As relief, the IHO ordered that the Department fund one hundred and seventy (170) hours of individual tutoring at $110.00 per hour; a bank of counseling services and speech and language services to be equal to the sessions the Department failed to provide when M.J. was not enrolled in a school; a MetroCard for the plaintiff's transportation to and from the tutoring and related services if they are provided outside of the home; continued placement at M.J.'s state-approved nonpublic school; and that the Department will convene and develop an IEP for M.J. consistent with the provisions in the FOFD.

29. On December 28, 2018, plaintiff, through her counsel, submitted a demand for attorney's fees to defendant's Special Education Unit Office of General Counsel.

30. As of the date of this complaint, defendant has failed to settle the attorney's fees in this matter.

## FIRST CAUSE OF ACTION

31. Plaintiffs repeat and reallege paragraphs 1 through 30 as if more fully set forth herein.

32. Plaintiff K.R. initiated an impartial hearing on behalf of M.J.

33. Plaintiff K.R. prevailed at the impartial hearing by obtaining a Finding of Facts and Decision from the impartial hearing officer ordering the relief demanded by plaintiff K.R.

34. Plaintiff K.R. having prevailed in the underlying proceedings hereby demands reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

WHEREFORE, plaintiffs respectfully request that this Court:

a. Assume jurisdiction over this action;
b. Award to plaintiff K.R. the costs, expenses and attorney's fees for the administrative proceedings in the matter of M.J. pursuant to 20 U.S.C. § 1415;
c. Award to the plaintiffs the costs, expenses and attorney's fees of this action pursuant to 20 U.S.C. § 1415; and
d. Grant such other and further relief as the Court deems just and proper.

*[intentionally blank]*

Dated: Auburn, New York
March 20, 2020

Yours etc.,

s/ Justin M. Coretti
CUDDY LAW FIRM, PLLC
*Attorneys for Plaintiffs*
5693 South Street
Auburn, New York 13021
(315) 370-4020
jcoretti@cuddylawfirm.com